MICHELE POWER
SEAN BROWN
POWER AND BROWN, LLC
P.O. BOX 1809
BETHEL, ALASKA 99559
Telephone: 907-543-4700
Facsimile: 888-887-1146

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JENNIFER AFCAN,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No. _____ Civ ( _____ )<br><br>COMPLAINT FOR DAMAGES |

For her complaint, plaintiff, by and through counsel Power and Brown, LLC, alleges as follows:

Parties and Jurisdiction

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Jurisdiction is based on 28 U.S.C. § 1346(a) (2) and 1346(b).

2. Plaintiff submitted a timely administrative claim based on the facts alleged herein to the Department of Health & Human Services on October 6, 2008. More than six

months has passed since the receipt of that claim, which has been neither admitted nor denied. The claim is deemed by plaintiff to be denied, pursuant to 26 U.S.C. § 2675.

3. At the time of the conduct that forms the basis for the allegations in plaintiff's Complaint, the St. Mary's Subregional Clinic through Yukon-Kuskokwim Health Corporation ("YKHC") was carrying out a compact agreement with the Indian Health Service, and is deemed to be part of the Indian Health Service in the Department of Health and Human Services of the United States of America pursuant to Public Law 101-512, Title III, section 314.

## Common Factual Allegations

4. Plaintiff Jennifer Afcan is the mother of the minor child, J.A.

5. On or about January 4, 2007, J.A. was treated by health care providers at the St. Mary's Subregional Clinic, operated by YKHC, for a fever and a suspicious abscess.

6. Health care providers examined J.A. but sent him home, nevertheless, with instructions to not return to the clinic until January 8, 2007, unless his fever worsened.

7. J.A.'s condition worsened, but his fever remained the same. Because Plaintiff was instructed that she was not to return to the clinic unless J.A.'s fever worsened, she did not return to the clinic.

8. On or about January 8, 2007, Jennifer Afcan took J.A. to the clinic. Thereafter, he was transported to Bethel, Alaska on a commercial flight so that he could be treated on the Yukon-Kuskokwim Delta Regional Hospital ("YKDRH"), owned and operated by the YKHC.

9. On or about January 9, 2007, J.A. was medivaced to the Alaska Native Medical Center ("ANMC") in Anchorage where he was treated for cardiac, respiratory, vascular and kidney failure. Health care providers found that the suspicious abscess was infected with Methicillin-Resistant Staphylococcus Aureus (MRSA).

10. As a result, J.A. was hospitalized for an extended period of time and required a lengthy recovery period.

11. Plaintiff was present during and observed Jay's decline in physical health and emergency medical treatment. As a result, Plaintiff suffered damages.

First Claim for Relief: Negligent Infliction of Emotional Distress

12. Plaintiff incorporates by reference all prior allegations herein.

13. Defendant's conduct of failing to possess that degree of knowledge and skill ordinarily possessed and exercised at the time by other health care providers in the field or specialty in which they were practicing was the cause of Plaintiff's damages.

14. Plaintiff was present during J.A.'s decline in physical health and emergency medical treatment. Plaintiff suffered severe emotional distress as a result of

observing the decline in J.A.'s health and the emergency treatment.

15. Defendant's actions proximately caused Plaintiff to suffer severe emotional distress which entitles Plaintiff to be compensated for her damages in an amount to be proven at trial, which shall include but not limited to past and future emotional distress, and past and future lost enjoyment of life; and such other damages as permitted by law.

## Second Claim for Relief: Loss of Society

16. Plaintiff incorporates by reference all prior allegations herein.

17. J.A. suffered severe injuries as a result of defendant's negligent failure to possess that degree of knowledge and skill ordinarily possessed and exercised at the time by other health care providers in the field or specialty in which they were practicing.

18. As a result, Plaintiff is unable to share activities and experiences with the child whom she previously shared or anticipated sharing as J.A. reached a suitable age. Further, Plaintiff has sustained both past and future loss of consortium in the parent-child relationship, including loss of enjoyment, society, companionship, comfort, care, love, and affection.

## PRAYER FOR RELIEF

WHEREFORE plaintiff demands judgment for compensatory damages in excess of $5,000,000, the precise amount to be proven at trial, plus allowable costs, interest, and attorneys' fees.

RESPECTFULLY SUBMITTED this 1st day of May, 2009, at Bethel, Alaska.

s/ Michele L. Power
P.O. Box 1809
Bethel, Alaska 99559
Phone: (907) 543-4700
Fax: (888) 887-1146
E-mail: admin@powerbrown.com
ABA No. 9510047
